IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK RAIMO,

Petitioner,

v.                                    CASE NO. 18-3131-SAC

SHERIFF, JOHNSON COUNTY, KANSAS,

Respondent.

NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se.

Background

Petitioner was convicted in 2016 of crimes including burglary and sentenced to a term of 72 months. He entered a guilty plea, and he filed no appeal or post-conviction action. In this action, he challenges his conviction on the grounds of ineffective assistance of counsel, due process violations, and an illegal sentence.

Discussion

This petition is subject to the one-year limitation period established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)  The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)  The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

> removed, if the applicant was prevented from filing
> by such State action;
> (C) The date on which the constitutional right asserted
> was initially recognized by the Supreme Court, if the
> right has been newly recognized by the Supreme Court
> and made retroactively applicable to cases on
> collateral review; or
> (D) The date on which the factual predicate of the claim
> or claims presented could have been discovered through
> the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The statute also contains a tolling provision:

> The time during which a properly filed application for State
> post-conviction or other collateral review with respect to
> the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d)(2).

In addition, the one-year limitation period is subject to equitable tolling in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000)(internal quotation marks omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v.*

*Florida*, 560 U.S. 631 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson, id.*

Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, "'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 526-37 (2006)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, id. at 324.

Because petitioner did not commence this action until May 2018, this matter is not timely. Because he did not file an appeal or a post-conviction action, there is no basis for statutory tolling. Accordingly, petitioner may proceed in this matter only if he shows that he is entitled to equitable tolling.

Next, because petitioner has not presented his claims to the state courts, the claims are subject to procedural default. A federal habeas court may not review claims "that have been defaulted in state court … unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1988)(citing *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)). Petitioner's failure to present his habeas claims to the state courts bars review unless he can show cause and prejudice or a fundamental miscarriage of justice.

To show cause, petitioner must show that "some objective factor external to the defense impeded … efforts to comply with the State's procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Next, to show prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982).

In the alternative, petitioner may excuse his procedural default by showing the failure to consider his claims will result in a fundamental miscarriage of justice. Under this exception, the petitioner must present a colorable showing of factual innocence, a threshold that requires a showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Demarest v. Price*, 130 F.3d 922, 941-42 (10th Cir. 1997)(citations omitted).

## Order to Show Cause

Because it appears this matter is barred by the one-year limitation period and by petitioner's procedural default, the Court directs petitioner to show cause why this matter should not be dismissed. Petitioner must show both grounds for equitable tolling of the limitation period and either cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including June 21, 2018, to show cause as directed. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 25th day of May, 2018, at Topeka, Kansas.


                        S/ Sam A. Crow
                        SAM A. CROW
                        U.S. Senior District Judge